JASON FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709
RANDOLPH J. ST. CLAIR
Assistant United States Attorney
400 South Virginia Street, Suite 900
Reno, Nevada 89501
Phone: 775-784-5438
Randy.StClair@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN THOMAS ELEY,<br><br>Defendant. | Case No. 3:21-CR-00011-ART-CSD<br><br>**Government's Memorandum in Support of Defendant's Plea** |

There is no plea agreement in this case. This Memorandum is to aid the court in advising the defendant of the consequences of a guilty plea under Federal Rule of Criminal Procedure 11(a) and (b).

The defendant was indicted by grand jury on March 25, 2021, and is charged in a two-count indictment with violations of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), Receipt of Child Pornography (Count 1), and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), Possession of Child Pornography (Count 2). (ECF No. 1.) Although there is no plea agreement in this case, the government will move to dismiss Count 2, Possession of Child Pornography, at sentencing.

I.     WAIVER OF TRIAL RIGHTS.

The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

  1.   The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

  2.   The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

  3.   The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

  4.   The right to testify in his own defense at such a trial if he so chooses;

  5.   The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

  6.   The right to have the assistance of an attorney at all stages of such proceedings.

II.    PENALTIES

Statutory

The penalty for violating Title 18, United States Code, Sections 2252A(a)(2) and (b)(1), Receipt of Child Pornography, is a 5 year mandatory minimum term of imprisonment, a maximum penalty of not more than twenty (20) years imprisonment, lifetime supervised release, a fine of not more than $250,000, or both, and a $100.00 special assessment.

The penalty for violating Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2), Possession of Child Pornography, is a maximum penalty of not more than twenty (20) years imprisonment, lifetime supervised release, a fine of not more than $250,000, or both, and a $100.00 special assessment.

Advisory Sentencing Guidelines

1.  Discretionary Nature of Sentencing Guidelines. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute. The applicable sentencing guideline for these charges is U.S.S.G. § 2G2.2.

2.  The government anticipates the following sentencing guideline calculations:

For Receipt of Child Pornography (Count One):

| Offense Level Calculation | | USSG |
|---|---|---|
| Base Offense | 22 | § 2G2.2(a)(2) |
| **Offense Characteristics** | | |
| Material involved prepubescent minor(s) | +2 | § 2G2.2(b)(2) |
| Material involved/portrayed sadistic or masochistic conduct or other depictions of violence | +4 | § 2G2.2(b)(4)(A) |
| Use of a Computer | +2 | § 2G2.2(b)(6) |
| Offense involved more than 600 images | +5 | § 2G2.2(b)(7)(D) |
| **Total Adjusted Offense Level** | **35** | |

/ / /

/ / /

/ / /

3

For Possession of Child Pornography (Count 2):

| Offense Level Calculation | | USSG |
|---|---|---|
| Base Offense | 18 | § 2G2.2(a)(1) |
| | | |
| **Offense Characteristics** | | |
| Material involved prepubescent minor(s) | +2 | § 2G2.2(b)(2) |
| Material involved/portrayed sadistic or masochistic conduct or other depictions of violence | +4 | § 2G2.2(b)(4)(A) |
| Use of a Computer | +2 | § 2G2.2(b)(6) |
| 600 or more images | +5 | § 2G2.2(b)(7)(D) |
| | | |
| **Total Adjusted Offense Level** | **31** | |

3.  Factors Under 18 U.S.C. § 3553. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory mandatory minimum of five (5) years' imprisonment and the maximum sentence limits the Court's discretion in determining the defendant's sentence.

4.  A federal prison sentence can no longer be shortened by early release on parole because parole has been abolished.

5.  In addition to imprisonment and a fine, the defendant will be subject to a term of supervised of not less than 5 years or lifetime supervised release. 18 U.S.C. § 3583(k). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of 20 years.

/ / /

6. Additional Consequences of Conviction under 18 U.S.C. §§ 2252A(a)(2), (b)(1) and 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2):

    a. <u>Child Exploitation Special Assessment</u>: Pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes Defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

    b. <u>Sex Offender Registration</u>: Under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 et. seq., defendant will be required to register as a sex offender and keep the registration current in each of the following jurisdictions: (1) where defendant resides; (2) where defendant is an employee; and (3) where defendant is a student.

7. <u>Restitution</u>: The government will assist and file any restitution requests from any victim who may be identified through the Child Victim Identification Program (CVIP) or Child Recognition Identification System (CRIS) and who requests restitution prior to sentencing.

8. <u>Forfeiture</u>: The defendant knows and understands:

    a. The Court shall order and impose the forfeiture of the following property to the United States as set forth in the Forfeiture Allegation of the Criminal Indictment:

        i. a Kingston USB flash drive, Model Number Kingston DataTraveler 112 USB Device; Serial Number 0xecc370067e05f;

        ii. a SanDisk Cruzer USB Device;

        iii. a Seagate HDD external hard drive, Model Number ATA ST500DM002-1BC14 USB Device, Serial Number W2A8PZM3; and

        iv. an LG Stylo 5 cell phone

(all of which constitutes property);

  b. The property is (1) any visual depiction described in 18 U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. § 2252A(a)(2) and 2252A(a)(5)(B) and (2) any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. § 2252A(a)(2) and 2252A(a)(5)(B) or any property traceable to such property and is subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1) and 2253(a)(3);

  c. The property will be forfeited to the United States of America;

  d. The government can show by preponderance of the evidence the requisite nexus between the crimes to which the defendant is pleading and the property that is subject to forfeiture.

  e. The forfeiture severs all possessory rights, ownership rights, and all rights, titles, and interests in the property of the defendant;

  f. The criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to the abandonment or the forfeiture;

  g. The amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution;

  h. The property represents facilitating property of illegal conduct and is forfeitable; and

  i. On the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

III. ELEMENTS OF THE OFFENSE

Count 1—Receipt of Child Pornography, 18 U.S.C. §§ 2252A(a)(2) and (b):

First: Defendant knowingly received;

Second: Any child pornography that had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer; or,

Third: Any material that contains child pornography that had been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer.

Count 2—Possession of Child Pornography, 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2):

First: The defendant knowingly possessed matters that the defendant knew contained a visual depiction of a minors engaged in sexually explicit conduct;

Second: The defendant knew the visual depiction contained in the matters was of a minor engaged in sexually explicit conduct;

Third: The defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and

Fourth: That the visual depiction had been mailed, shipped, or transported using any means or facility of interstate commerce in or affecting interstate commerce, *or*, produced using material that had been mailed, shipped, or transported using any means or facility of interstate commerce in or affecting interstate commerce by any means including by computer.

IV.     FACTS TO SUPPORT A PLEA OF GUILTY

Defendant admits the following facts to support his guilty plea:

Beginning on or about April 24, 2018, and continuing to on or about August 4, 2020, Ryan Thomas Eley, Defendant, knowingly received and possessed child pornography. Law enforcement became aware of Defendant's activity after the National Center for Missing and Exploited Children ("NCMEC") forwarded at least 12 CyberTips from Google, Inc. to law enforcement. The CyberTips had been viewed by Google employees and determined to contain images and/or videos of child pornography. Based on these CyberTips, law enforcement was able to determine the IP address being used by Defendant, locate Defendant's residence, and apply for a search warrant.

On August 4, 2020, the warrant was executed at Defendant's residence located at 265 Lupin Ct., Sun Valley (Reno), Nevada. Preliminary forensics on scene located child pornography files on the electronic devices owned or possessed by Defendant. During the service and execution of the search warrant Defendant agreed to speak with the detectives on scene. After he was read his Constitutional Rights, Defendant gave a recorded statement to the detectives. Defendant's post-*Miranda* statements confirmed that he had been downloading and possessing child pornography. Some other admissions were that he had been viewing child pornography since he was 15 years old, that he knew what he was doing was wrong, that he had been depressed and had become more addicted to child pornography which led to his increased viewing of child pornography, and that he spent up to 3 hours a day looking for child pornography online. Defendant told investigators that he used known internet search terms to look for child pornography, such as PTHC, Mafiasex, hussyfan, while also utilizing numbers associated with the ages of children such as 6, 7, 8, 9, and 10. He admitted to masturbating to the images and videos of child pornography and that he

8

liked child pornography because he was attracted to the innocence, purity, and cleanliness of the young girls.

Defendant's devices were forensically analyzed after they were seized during the execution of the search warrant. Some of the images and videos found on his devices were of prepubescent children (under the age of 12) engaged in sexually explicit conduct and intercourse with adults. Some examples of the images and/or videos found during the forensic analysis:

Found on the Kingston USB Flash Drive

**File Name:** 1593517949804_29.jpg
**Description:** Image of female child (approximately 4-6 years old) wearing only a shirt and leg stockings. Female lying on a bed while a nude male adult is pressing his erect penis against the child's vagina.

**File Name:** St Petersburg i05 – 12Yo Kimmy_x1.00.mp4
**Description:** Video (4 minutes 51 seconds in length) which shows a nude female child (approximately 11-12 years old) and a nude male adult. The video starts with the child performing oral sex on the adult. The adult then sits on the bed with the child sitting on him. The adult penetrates the child's vagina numerous times in this position. The child then performs oral and manual sex on the male's penis until the adult ejaculates onto the child's face.

Found on the SanDisk Cruzer USB Device

**File Name:** Physical Sector 5574438
**Description:** Video (1 minute 27 seconds in length) which shows a partially clothed female child (approximately 3-4 years old) and a nude male adult. The video shows the child kneeling on a bed and the adult performing vaginal intercourse on the child.

**File Name:** Physical Sector 6485414
**Description:** Video (10 minutes 44 seconds in length) which appears to show a series of video segments. The first segment portrays a nude female child (approximately 7-9 years of age) that has her wrists bound to her ankles with duct tape. A hand is seen digitally penetrating the child's vagina and anus. The next segment portrays a female child (approximately 6-7 years old) wearing pajamas. The child appears to be following directions of the cameraman who apparently directs the child to remove her pants. The next segment shows the same child laying on a bed while opening her vagina. The next segment shows the same child inserting a sex toy into her vagina.

What appears to be an adult male hand enters the picture and removes the sex toy from the child's vagina and enters it into the child's anus. The final segment of this video shows what appears to be the same child bending over without any clothing covering her rear end. A clothed adult male enters the picture with his exposed penis pulled out. The adult performs vaginal intercourse on the child. It is not clear if all the children portrayed in this video are the same child or different children.

Found on the Seagate HDD external hard drive*

**File Name:** **Physical Sector 74562495**
Description: Video (2 minutes 12 seconds in length) which shows a nude male adult laying on a bed. A female toddler (approximately 2-3 years old) is wearing only a skirt and standing on the bed. The child lays down on the adult's stomach while the male rubs his penis against the toddler's vagina. The toddler then turns around and the male rubs his erect penis between the toddler's legs. The adult then digitally massages the toddler's vagina before moving the toddler onto the bed (stomach down) and begins to mount the toddler from behind.

**File Name:** **Physical Sector 1207822495**
Description: Video (1 minute and 43 seconds in length) which shows a female toddler (approximately 2-3 years old) laying on a bed with clothing covering her upper body with her legs spread open. An adult male who is undressed from the waist down begins having what appears to be vaginal intercourse with the toddler. The male then moves and turns the toddler on her stomach and appears to penetrate her vagina from behind. After a few seconds, the male climbs off the toddler and it appears that he has ejaculated on the toddler's vaginal area.

*The Seagate drive had file histories of email addresses and usernames that directly related to the original CyberTips. From the analysis of this device, it was apparent that Defendant's Google accounts would get cancelled by Google (after they found the child pornography), then Defendant would open a new account, download or attempt to save child pornography again, and Google would again cancel the account. Defendant would then open a new Google account, and Google would again cancel the account. This is why there were so many CyberTips for this case, and they all led back to Defendant.

Found on the LG Stylo 5 cell phone

**File Name:** **9 yo sister sucks older bro.wmv**
Description: Video (1 minute 58 seconds in length) which shows an adult male without pants sitting on a chair. A female child (approximately 11-13 years old) is wearing a robe and performing oral sex on the adult.

10

**File Name:** **swallow it255.cleaned.mp4**
Description: Video (3 minutes 47 seconds in length) which shows a nude male adult standing next to a bed. A female child (approximately 7-9 years old) is laying on the bed. The adult has the child perform oral sex on him until the adult ejaculates into the child's mouth.

In total, over 2700 child pornography images and over 400 child pornography videos were recovered from the electronic devices seized from Defendant.

All of the foregoing occurred in the State and Federal District of Nevada.

DATED this 3rd day of June 2022.

Respectfully submitted,

JASON FRIERSON
United States Attorney


 /s/ Randolph J. St. Clair
RANDOLPH J. ST. CLAIR
Assistant United States Attorney