AO 245C  (Rev. 09/19) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. ) | |
| ) | Case Number:  *3:21-cr-00011-HDM-CSD |
| RYAN THOMAS ELEY ) | USM Number:  40238-509 |
| ) | *Lauren B. Torre, AFPD |
| ) | Defendant's Attorney |

Date of Original Judgment: 6/15/2023
_(Or Date of Last Amended Judgment)_

## THE DEFENDANT:

**X** pleaded guilty to Count One of Indictment filed 3/25/2021

___ pleaded nolo contendere to count(s) _____ which was accepted by the court.

___ was found guilty on _____

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 2252A(a)(2) and (b)(1) | Receipt of Child Pornography | 8/4/2020 | One |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s) _____

**X** Count 2 of 3/25/2021 Indictment is dismissed on motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 7, 2025
Date of Imposition of Judgment

_/s/ Howard D. McKibben_
Signature of Judge

*HOWARD D. McKIBBEN, Senior U.S. District Judge
Name and Title of Judge

_____
Date

AO 245B (Rev. 09/19) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 2 - Imprisonment

Judgment - Page __2__ of __8__

DEFENDANT: RYAN THOMAS ELEY
CASE NUMBER: *3:21-cr-00011-HDM-CSD

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **One hundred twenty (120) months**.

X  The court makes the following recommendations to the Bureau of Prisons:
   **Recommendation for placement of defendant at FCI Phoenix.**
   **Further recommendation for placement of defendant in RDAP.**

X  The defendant is remanded to the custody of the United States Marshal.

   The defendant shall surrender to the United States Marshal for this district:
   at _____ __ a.m.  __ p.m. on _____
   as notified by the United States Marshal.

   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   before 2 p.m. on _____.
   as notified by the United States Marshal.
   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Amended Judgment in a Criminal Case  
Sheet 3 - Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment - Page __3__ of __8__

DEFENDANT: RYAN THOMAS ELEY  
CASE NUMBER: *3:21-cr-00011-HDM-CSD

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **Lifetime**.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   ___ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ___ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing sentence of restitution. *(check if applicable)*
5. **X** You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. **X** You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, or are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ___ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19) Amended Judgment in a Criminal Case  
Sheet 3A - Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment - Page __4__ of __8__

DEFENDANT: RYAN THOMAS ELEY
CASE NUMBER: *3:21-cr-00011-HDM-CSD

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchukus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office User Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's signature _____     Date _____

AO 245B (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 3D - Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment - Page __5__ of __8__

DEFENDANT: RYAN THOMAS ELEY
CASE NUMBER: *3:21-cr-00011-HDM-CSD

# SPECIAL CONDITIONS OF SUPERVISION

1. **Search and Seizure** - You shall submit to the search of your person, property, residence, or automobile under your control by the probation officer or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release, based upon reasonable suspicion.

2. **Substance Abuse Treatment** – You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program, based upon your ability to pay.

3. **Drug Testing** – You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must not attempt to obstruct or tamper with the testing methods.

4. **Gambling Treatment** – You must participate in a gambling addiction treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

5. **No Gambling** – You must not engage in any form of gambling (including, but not limited to, lotteries, on-line wagering, sports betting) and you must not enter any casino or other establishment, except for the purpose of employment, as approved and directed by the probation officer, where gambling is the primary purpose (e.g., horse tracks, off-track betting establishments).

6. **Access to Financial Information** – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

7. **Debt Obligations** – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

8. **Minor Prohibition** – You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children or children of family members (up to a first cousin), without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children or children of family members (up to a first cousin), without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

9. **Place Restriction – Children Under 18** – You must not go to, or remain at, any place primarily used by children under the age of 18, unless you have the express prior permission of your Probation Officer. Examples of such prohibited places include parks, schools, playgrounds, and childcare facilities.

AO 245B  (Rev. 09/19) Amended Judgment in a Criminal Case　　　　　　　　　　　　　　　(NOTE: Identify Changes with Asterisks (*))
Sheet 3D - Supervised Release

Judgment - Page __6__ of __8__

DEFENDANT:　　　RYAN THOMAS ELEY
CASE NUMBER:　　*3:21-cr-00011-HDM-CSD

# SPECIAL CONDITIONS OF SUPERVISION (Continued)

*10.　**No Pornography** – You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256(5)), or any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults.　These restrictions do not apply to materials necessary to, and used for, any future appeals, or collateral attacks, or materials prepared or used for the purposes of sex-offender treatment.

*Stricken

*12.　**Sex Offender Treatment** – You must participate in an outpatient sex offense-specific treatment program, and follow the rules and regulations of that program until the treatment provider determines that the treatment is completed or there is a discharge summary.　The probation officer will supervise your participation in the program.

13.　**Polygraph Testing** – You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.　The Court recommends a *Miranda* warning prior to conducting a polygraph examination.

14.　**Computer Monitoring** – To enable the Computer Search Condition, you must submit your electronic communications, data storage devices, or media, including computers, as defined in 18 U.S.C. § 1030(e)(1), that are capable of accessing, [producing], [disseminating], or storing any "visual depiction" (as defined in 18 U.S.C. § 2256(5)), or any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults, to the installation of computer monitoring software by the probation officer.

15.　**Computer Search** – You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation.　Any search must be conducted at a reasonable time and in a reasonable manner.

16.　**Computer Search – Monitoring Software** – To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

AO 245B (Rev. 09/19) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 5 - Criminal Monetary Penalties

Judgment - Page __7__ of __8__

DEFENDANT: RYAN THOMAS ELEY
CASE NUMBER: *3:21-cr-00011-HDM-CSD

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|
| $100.00 | $68,000.00 | None | $35,000.00 | $5,000.00 |

**All amounts due and payable immediately.**

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

**Clerk, U.S. District Court**
**Attn: Financial Officer**
***Case No. 3:21-cr-00011-HDM-CSD**
**333 Las Vegas Boulevard, South**
**Las Vegas, NV 89101**

**SEE ATTACHED SEALED LIST FOR PAYEES**

**TOTALS**          $                    $68,000.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/19) Amended Judgment in a Criminal Case  
Sheet 6- Schedule of Payments                                    (NOTE: Identify Changes with Asterisks (*))

Judgment - Page __8__ of __8__

**DEFENDANT:** RYAN THOMAS ELEY  
**CASE NUMBER:** *3:21-cr-00011-HDM-CSD

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  **X** Lump sum payment of $108,100.00 due immediately, balance due

   ___ not later than _____, or
   ___ in accordance with _____ ___ C, ___ D, ___ E, or **X** F below; or

B  ___ Payment to begin immediately (may be combined with  ___ C, ___ D, or ___ F below); or

C  ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  **X** Special instructions regarding the payment of criminal monetary penalties:
   **Restitution is mandatory in the amount of $68,000.00 with interest payable immediately. A mandatory penalty assessment of $100.00 is due and payable immediately. In addition, an AVAA assessment of $35,000.00 and an JVTA assessment in the amount of $5,000.00 are due and payable immediately. Any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ Joint and Several
    Case Number
    Defendant and Co-Defendant Names                    Joint and Several      Corresponding Payee,
    (including defendant number)         Total Amount        Amount            if appropriate

___ The defendant shall pay the cost of prosecution.
___ The defendant shall pay the following court cost(s):
**X** The defendant shall forfeit the defendant's interest in the following property to the United States:
    **See attached Final Order of Forfeiture.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RYAN THOMAS ELEY,<br><br>  Defendant. | 3:21-CR-011-LRH-CSD<br><br>**Final Order of Forfeiture** |

The United States District Court for the District of Nevada entered an Amended Preliminary Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(1) and (b)(2) and 18 U.S.C. § 2253(a)(1) and 2253(a)(3) based upon the plea of guilty by Ryan Thomas Eley to the criminal offense, forfeiting the property set forth in the Government's Amended Memorandum in Support of Plea and the Forfeiture Allegation of the Criminal Indictment and shown by the United States to have the requisite nexus to the offense to which Ryan Thomas Eley pled guilty. Criminal Indictment, ECF No. 1; Government's Amended Memorandum in Support of Plea, ECF No. 103; Change of Plea, ECF No. 105; Amended Preliminary Order of Forfeiture, ECF No. 106.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from June 10, 2022, through July 9, 2022, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 79-1, p. 5.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending regarding the property named herein and the time has expired for presenting such petitions.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 2253(a)(1) and 2253(a)(3); and 21 U.S.C. § 853(n)(7) and shall be disposed of according to law:

1. a Kingston USB flash drive, Model Number Kingston Data Traveler 112 USB Device; Serial Number 0xecc370067e05f;
2. a SanDisk Cruzer USB Device;
3. a Seagate HDD external hard drive, Model Number ATA ST500DM002-1BC14 USB Device, Serial Number W2A8PZM3; and
4. an LG Stylo 5 cell phone

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED June 13th, 2023.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE